IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE JEROME CLAYBORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-00458 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| WILLIAM LEE and | ) MAGISTRATE JUDGE NEWBERN |
| DAVID RAUSCH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre Jerome Clayborn filed a pro se Complaint against Governor William Lee and Tennessee Bureau of Investigation Director David Rausch under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff also filed an application to proceed as a pauper (Doc. No. 3) and Motion to Appoint Counsel (Doc. No. 4). As a threshold matter, Plaintiff sufficiently indicates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the application (Doc. No. 3) is **GRANTED**. 28 U.S.C. § 1915(a). The case is now before the Court for initial review of the Complaint and consideration of the Motion.

### I. INITIAL REVIEW OF THE COMPLAINT

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and [they] should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the Court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Legal Standard

During this initial review, the Court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the Complaint in the light most favorable to Plaintiff and taking all well-pleaded factual allegations as true, *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The Court determines if Plaintiff's factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," *id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and Plaintiff may not rely on unwarranted factual inferences or "legal conclusion[s] couched as factual allegation[s]." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### B. Factual Allegations

Liberally construing the Complaint, Plaintiff alleges that he was convicted in Tacoma, Washington, of third-degree rape based on conduct that occurred on January 1, 1992. (Doc. No. 1 at 5). Plaintiff subsequently moved to Davidson County, Tennessee. *Id*. Sometime thereafter, authorities began enforcing against Plaintiff the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201 - 40-39-218 ("TSORA"). (Doc. No. 1 at 5.) Plaintiff alleges that, as a result, he is (1) subject to stringent registration and reporting requirements, and (2) severely limited in where he can "live,

2

work, and go." *Id*. In addition, Plaintiff alleges that he is currently being prosecuted in Davidson County for multiple registration violations. *Id*.

**C. Analysis**

The Complaint brings an official-capacity claim for prospective injunctive relief against Defendants Lee and Rausch under 42 U.S.C. § 1983.[1] Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Here, Plaintiff brings an as-applied federal constitutional challenge under the Ex Post Facto Clause of the United States Constitution.[2]

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I § 10, cl. 1. Put simply, this restriction bars "retroactive punishment." *Does v. Snyder*,

---

[1] Applying the "course of proceedings" test, *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003), the Court concludes that the Complaint – which makes no allegations about Defendants and does not seek compensatory damages – is directed at Defendants solely in their official capacities. Tennessee's sovereign immunity does not provide a shield from official-capacity claims for prospective injunctive relief, *Ernst v. Rising*, 427 F.3d 351, 358-59 (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)), and the Governor and TBI Director are appropriate defendants to TSORA-based claims for prospective injunctive relief. *See Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-264, 2017 WL 5187117, at *9-10 (M.D. Tenn. Nov. 9, 2017).

[2] "In an as-applied challenge, the plaintiff contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional." *Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997) (citation omitted). By contrast, a plaintiff that challenges a law "on its face" attempts "to invalidate the law in each of its applications, to take the law off the books completely." *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 691 (6th Cir. 2015) (quoting *Speet v. Schuette*, 726 F.3d 867, 871 (6th Cir. 2013)). Here, the gravamen of the Complaint is that TSORA is invalid in the context of its application to Plaintiff, and Plaintiff seeks injunctive relief pertaining only to himself. (*See* Doc. No. 1 at 5-6). Moreover, Plaintiff does not suggest that he seeks to "challenge all retroactive applications of [TSORA]." *Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1180 (M.D. Tenn. Feb. 8, 2021). Accordingly, the Court does not construe the Complaint as asserting that TSORA is facially unconstitutional. *See Warshak v. United States*, 532 F.3d 521, 529 (6th Cir. 2008).

834 F.3d 696, 699 (6th Cir. 2016). Thus, the Ex Post Facto Clause "forbids the [legislature] . . . to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *United States v. Kruger*, 838 F.3d 786, 790 (6th Cir. 2016). Two elements must be present for a law to fall within the Ex Post Facto prohibition: (1) "it must apply to events occurring before its enactment"; and (2) "it must disadvantage the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime[.]" *Doe #1*, 518 F. Supp. 3d at 1182 (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal citation and quotation marks omitted)); *see also Hill v. Snyder*, 900 F.3d 260, 266 (6th Cir. 2018).

Here, Plaintiff alleges that he was placed on Tennessee's sex offender registry for an out-of-state conviction that occurred well before the TSORA became law. (Doc. No. 1 at 5). He further alleges that the TSORA is an ongoing imposition of increased punishment that has "severely" affected his quality of life (e.g., stringent reporting requirements and restrictions that limit Plaintiff's ability to live, work, and travel). *Id*. Finally, Plaintiff's allegation that he is being actively prosecuted under the TSORA plausibly suggests that state officials refuse to remove him from the registry. Plaintiff has, therefore, stated a colorable Section 1983 claim based on alleged violation of the Ex Post Facto Clause by state officials. *See, e.g., Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252, at *8 (M.D. Tenn. Dec. 30, 2020) (concluding plaintiff "plausibly alleged that his placement on the [TSORA registry] violates the Ex Post Facto Clause"); *Haslam*, 2017 WL 5187117, at *13-14 (denying motion to dismiss as-applied Ex Post Facto Clause constitutional challenges to TSORA); *Doe #1*, 518 F. Supp. at 1204 (concluding that, as applied, TSORA's classification and reporting obligations are "punitive" and "resemble[ ] traditional forms of punishment"). Plaintiff's Section 1983 claim may proceed for factual development.

4

Case 3:22-cv-00458   Document 5   Filed 06/28/22   Page 4 of 6 PageID #: 20

## II. MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel relying solely on indigence. (Doc. No. 4). An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." *Miles v. Michigan Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), and *Lavado v. Keohane*, 992 F.2d 601, 606–07 (6th Cir. 1993)). Petitioner's indigence alone, therefore, is not an exceptional circumstance. Nor, at this stage, does the complexity of the issues necessitate the appointment of counsel. Because there are no exceptional circumstances and it does not yet appear that the assistance of counsel is necessary for the litigation of this action, "the appointment of counsel is not warranted" at this time. *Miles*, 2020 WL 6121438, at *4. Accordingly, the Motion to Appoint Counsel (Doc. No. 4) is **DENIED WITHOUT PREJUDICE** to renewal by Plaintiff in the future if he can better explain why exceptional circumstances justify appointing counsel.

## III. CONCLUSION

For these reasons, the Court concludes that Plaintiff has stated a colorable official-capacity Section 1983 claim for prospective injunctive relief against Governor Lee and Director Rausch, asserting an as-applied constitutional challenge based upon the Ex Post Facto Clause of the U.S. Constitution. The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Court will direct the U.S. Marshals Service to serve the Complaint on Defendants William Lee and David Rausch at no cost to Plaintiff. However, in order for the U.S. Marshals Service to serve Defendants, Plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send Plaintiff two service packets. Plaintiff **MUST** complete one service packet for <u>each</u> of William Lee and David Rausch, and then return the two completed service packets to the Clerk's Office within **21 DAYS** of the date this Order is entered on the docket.[3] Upon return of the completed service packets, **PROCESS SHALL ISSUE**. Plaintiff is warned that failure to return the completed service packets within the required time period could jeopardize his prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. Plaintiff must keep the Court informed of his current address at all times or face dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. See https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] To make a submission in person or by mail, the Court's new address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. *See* www.tnmd.uscourts.gov.