UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDRE JEROME CLAYBORN, | |
| Plaintiff, | Case No. 3:22-cv-00458 |
| v. | Judge William L. Campbell, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| WILLIAM LEE et al., | |
| Defendants. | |

To:     The Honorable William L. Campbell, Jr., District Judge

## **REPORT AND RECOMMENDATION**

On November 9, 2022, the Court found that pro se and *in forma pauperis* Plaintiff Andre Jerome Clayborn had not responded to Defendants Governor William Lee and Tennessee Bureau of Investigation Director David Rausch's motion to dismiss Clayborn's complaint and had not filed a notice of his correct address as ordered by the Court. (Doc. No. 20.) The Court therefore ordered Clayborn to show cause by November 22, 2022, why he should be granted leave to file an untimely response to Lee and Rausch's motion to dismiss and why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for Clayborn's failure to prosecute and failure to comply with the Court's orders. (*Id.*) The Court also ordered Clayborn to file any response in opposition to Lee and Rausch's motion to dismiss by the same date. (*Id.*) The docket shows that Clayborn has not responded to the Court's show-cause order or to Lee and Rausch's motion to dismiss.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) for Clayborn's failure to prosecute his claims and find moot Lee and Rausch's motion to dismiss.

## I.     Factual and Procedural Background

This action arises out of Clayborn's placement on Tennessee's sex offender registry for an out-of-state conviction that occurred before the passage of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201–40-39-218 (SORA). (Doc. No. 1.) On June 17, 2022, Clayborn filed a pro se complaint under 42 U.S.C. § 1983 for prospective injunctive relief against Lee and Rausch alleging that the defendants' enforcement of SORA against Clayborn violates the Ex Post Facto Clause of the United States Constitution. (*Id.*) The Court granted Clayborn's application to proceed *in forma pauperis*, screened Clayborn's complaint under 28 U.S.C. § 1915(e)(2), and found that Clayborn's complaint stated colorable claims for injunctive relief against Lee and Rausch in their official capacities. (Doc. No. 5.) The Court informed Clayborn that he "must keep the Court informed of his current address at all times or face dismissal of this action for failure to prosecute." (*Id.* at PageID# 22.)

Lee and Rausch appeared (Doc. No. 9) and, on August 12, 2022, filed a motion to dismiss Clayborn's complaint (Doc. No. 10). Clayborn did not file a response in opposition to Lee and Rausch's motion, and the Court ordered Clayborn to show cause by October 7, 2022, why the action should not be dismissed under Rule 41(b) for failure to prosecute. (Doc. No. 16.) Clayborn did not respond to that show-cause order, but Lee and Rausch notified the Court that service copies of their notice of appearance, motion to dismiss, and supporting memorandum of law mailed to Clayborn at his address on record, a shelter for people experiencing homelessness, were returned as undeliverable. (Doc. No. 17.) Lee and Rausch stated that they had identified a different address

used by Clayborn in law enforcement records and had served their filings on Clayborn at that address. (*Id.*)

In light of Lee and Rausch's representation that Clayborn likely had not been served with their motion to dismiss when the Court issued its order to show cause, the Court found that Clayborn was no longer required to respond to that order. (Doc. No. 18.) The Court directed the Clerk of Court to mail that order to Clayborn at the new address identified by Lee and Rausch. (*Id.*) The Court reminded Clayborn of his obligation to respond to Lee and Rausch's motion to dismiss and ordered Clayborn to file a notice of his correct address by no later than October 25, 2022. (*Id.*) Clayborn did not respond to the Court's order.

On November 9, 2022, the Court ordered Clayborn to show cause by November 22, 2022, why his action should not be dismissed under Rule 41(b) for failure to prosecute and failure to comply with the Court's orders. (Doc. No. 20.) The Court again ordered Clayborn to file a response in opposition to Lee and Rausch's motion to dismiss and file a notice of his correct address by the same date. (*Id.*) The docket shows that Clayborn has not responded to the Court's second show-cause order, filed a response in opposition to Lee and Rausch's motion to dismiss, or filed a notice of his correct address.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled

that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain

that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III.     Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Clayborn.

#### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Clayborn's failure to respond to Lee and Rausch's motion to dismiss, failure to respond to the Court's show-cause order, and failure to keep the Court informed of his current address. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014

WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Lee and Rausch filed a motion to dismiss Clayborn's complaint. (Doc. No. 10.) Because filing a motion to dismiss is a typical step in early litigation, the second factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Clayborn that failure to keep the Court informed of his current address, respond in opposition to Lee and Rausch's motion to dismiss, and comply with the Court's orders to show cause could result in dismissal of his claims. (Doc. Nos. 5, 12, 16, 18, 20.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though Lee and Rausch have filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure Rule 41 (b) for

Clayborn's failure to prosecute and that Lee and Rausch's motion to dismiss (Doc. No. 10) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

The Clerk's Office is DIRECTED to serve this Report and Recommendation on Clayborn by mail at the address of record provided by Clayborn and at 1407 21st Avenue North, Nashville, TN, 37208.

Entered this 5th day of December, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

8